ALEXANDER VS. TOMLINSON.

CONSIGNOR AND CONSIGNEE: *Title to shipment: Replevin:*
   A. shipped goods to B. under an agreement that B. should sell for A. and account to him for the billed price, and B. to have all over that that he should sell them for. HELD: That no title vested in B., and that A. could replevy them from an officer levying an execution on them against B.

APPEAL from *Jefferson* Circuit Court.

HON. X. J. PINDALL Circuit Judge.

*Martin & Taylor,* for appellant.

The instructions were erroneous, and the verdict contrary to the evidence; 2d *Parsons on contracts,* 5th Ed. p. 753; *Sec.* 2957 *Gantt's Digest;* 14 *Wendel,* 546; 20 *Ib.* 267; 23 *Ib.* 372.

*Martin & Martin and Met. L. Jones,* for appellee.

This Court will not reverse on weight of evidence. The property was properly turned over to appellee; *Sec.* 5041, *G. D.*

Finding the value of each article useless. A finding of the value and judgment in the alternative were unnecessary; plaintiff already had the goods. *See Sec's.* 4682, 4718, 5041 *G. D.*

ENGLISH, C. J. Frank Tomlinson commenced this action of replevin for a number of articles of merchandise, before a justice of the peace of Vaugine township, in Jefferson county, against J. G. Alexander, a constable. On the execution of a bond by plaintiff, the goods were delivered to him by the officer to whom the writ of replevin was directed. There was a trial before the justice of the peace, and judgment for defendant; plaintiff appealed to the Circuit Court, where there was a trial, *de novo,* verdict for plaintiff, and judgment that he retain the goods; a new trial was refused defendant, and he took a bill of exceptions and appealed to this Court.

On the trial, plaintiff introduced evidence conducing to prove that he was a merchant at Pine Bluff, and Creed T. Alcorn had a store at Pastoria above, on the Arkansas River, where he had been doing a mercantile business for several years, and plaintiff had sold him goods. In the spring of 1880, he had become indebted to plaintiff—got behind in his payments and plaintiff refused to make further sales to him on credit, but entered into an agreement with him to let him have goods to sell as his agent, he to account to plaintiff for the billed price of the goods, and all over to be his. Under this agreement plaintiff shipped him several bills of goods; and in December 1880, plaintiff let him have goods in suit to be sold by him as his agent on the above terms. Plaintiff bought some of the goods, to make up the bill, of W. L. Packard, who was also a merchant of Pine Bluff, and paid him for them. The goods were placed on board the steamer Big Rock, at Pine Bluff, by plaintiff, and consigned to Alcorn, at Pastoria, by bill of lading.

Before the boat left the wharf at Pine Bluff, defendant, as a constable, levied an execution upon them in favor of Packard, as the property of Alcorn, took them into his possession, and plaintiff replevied them.

The Court charged the jury as follows :

"If the jury believe from the evidence that plaintiff consigned the goods in question to Alcorn to be sold by Alcorn as plaintiff's agent, and did not sell them to Alcorn, and that the transaction was in good faith, and free from fraud, the plaintiff will be entitled to recover, and if the jury shall so find the goods to be plaintiff's, his rights to recover should not be defeated by delivering them to the steamboat to be by the boat delivered to Alcorn."

The Court remarked to counsel in the presence of the jury, the bill of exceptions states, "That what effect an actual delivery of the goods to Alcorn, and by him mixed with his own goods, would have, is not necessary to decide, as there is no evidence that Alcorn had received and mixed the goods with his own."

Defendant excepted to the charge of the Court, and made it ground for a new trial, as well as that the verdict was contrary to evidence.

Had appellee made an ordinary sale of the goods to Alcorn upon credit, when he delivered them on board the boat, and consigned them by bill of lading to him, the title would have thereby vested in Alcorn, and the goods would have been liable to execution as his property, subject to the appellee's right of stoppage *in transitu*. But such is not the case made by the evidence. The charge of the Court was right upon the facts as stated hypothetically.

Counsel for appellant submit that the case is within the clause of the statute of frauds, which provides that, "where any reservation or limitation shall be pretended to have been made of any use of property by way of condition, reserva-

tion or remainder in another, the same shall be taken, as to all creditors and purchasers of the persons so remaining in possession, to be void, and that the absolute property is with the possession, unless such * * * reservation or limitation of the use or property were declared by will or deed in writing, proved or acknowledged and recorded as required by this chapter." See the whole section from which this clause is copied; *Gantt's Digest, Sec.* 2957, *and State Bank v. Williams,* 6 *Ark.,* 156.

But the facts in evidence do not bring the case within this or any provision within the statute of frauds.

Packard could not have credited Alcorn on faith of his possession of the goods in question, for they never reached him.

The case is more like the shipment of goods to an agent to be sold upon commission, and a levy upon them under an execution in favor of a creditor of the agent before they come into his possession, as his property.

Under the charge of the Court, the question of fraud in the transaction as between appellee and Alcorn was left to the jury, upon the facts in evidence; their verdict was in favor of appellee, and there is no valid ground on which it could be disturbed.

Affirmed.